May it please the Court, Mr. Cassini. Good morning. On behalf of myself, Jay Cassini from Whitfield & Eddy, my co-counsel Bryn Hazelunder, we are here on behalf of the appellant Dr. Shafik Wassef. When Congress enacted HIPAA, it expressly delegated the responsibility for investigating potential violations and determining whether any violations of HIPAA had occurred to federal authorities, specifically the Secretary of Health and Human Services, which is now through the Department of Health and Human Services done through its Office for Civil Rights. In this case, however, we have state officials pursuing and prosecuting disciplinary charges against Dr. Wassef that are admittedly based on alleged HIPAA violations. Is that the only allegation? Consistently throughout the investigation and the contested case proceedings, they have made it clear that all of the disciplinary charges, although they are obviously citing to Iowa state statutes and regulations, are based on HIPAA violations. All of them. And so when you have a situation where you have state officials that are pursuing disciplinary charges that are admittedly based on HIPAA violations, they acknowledge that those HIPAA violations are incorporated into those disciplinary charges. Now preemption is a disfavored concept or a very rarely applied, particularly the kind of complete preemption you're urging. And the government's brief, as I read it, says it is not contrary to HIPAA for Iowa legislature or an administrative board to provide that a violation of HIPAA is also a violation of Iowa law governing positions. That to me is a very sound proposition. What Supreme Court case says that's wrong here? I'm not sure that there is a Supreme Court case on the point. There's a lot of Supreme Court cases that are consistent with that. Well, actually I think here's the distinction. Iowa state law provides that if a physician violates federal law in a way that affects the practice of medicine, the Board of Medicine can and probably will take disciplinary action based on that. In this case, we have a complaint that was filed with the Office for Civil Rights for the Department of Health and Human Services. So you have the proper federal authorities investigating the alleged HIPAA violations. And if, Your Honor, if the OCR, if the Secretary or the Department of Health and Human Services determine that Dr. Wassef violated HIPAA, then the Board can discipline. And the Supreme Court's complete preemption cases in areas like ERISA, this is nothing remotely close to that. I don't think, Your Honor, and I think we made this clear in the briefs, this is not a traditional preemption case. This is a case, Your Honor, where Congress has told us, Congress has told us who is to make this determination if there is a HIPAA violation. We have the proper federal authorities receiving the complaint before the initiation of these disciplinary charges. Now you're saying that Congress has sent an executive branch agency, Trump's Judicial Review of what Iowa's, well that's what you're saying. No, no, it's not. It's not exclusive authority. You don't have to run to the feds to say does this comply or not. HIPAA says, Congress has told us in HIPAA that the determination of whether there are HIPAA violations is for the Department of Health and Human Services. Does it say exclusively? It does not say exclusively, but the cases we've cited in the briefing, Your Honor, ACARA and several other circuits since then have indicated that the idea that, you know, the way Congress has expressed that delegation to the Department of Health and Human Services suggests exclusivity. And we believe that other than certain circumstances that all the parties in this case agree don't apply here, the determination of whether there has been, quote, a HIPAA violation is in fact in this circumstance exclusively for the Department of Health and Human Services. And I think the critical issue here is you have an analytical framework for Younger abstention where the district court skipped the critical third step where the court is supposed to look at whether there are exceptions that apply. Claims for just prospective relief against state officials who are engaged in ongoing violations of federal law. And are you back to preemption? I'm back to preemption. Are you familiar with our November 2022 decision and 375? I am familiar with it. And the case that applies? I'm familiar with it and that's exactly my point, Your Honor. So now you have to concede that the district court's Younger analysis was wrong? I'm absolutely stating that the district court's Younger analysis in this case was wrong because as I stated. Okay. Now tell me the NOPC category that this case fits. I don't think we have a problem with whether this case, because it's a professional disciplinary action, fits into a NOPC category. What I'm saying, Your Honor. It has to. Otherwise, you didn't read our cases. Okay. Do you want me to read the quote from Sprint? I'm conceding, Your Honor, that this case falls into one of the NOPC categories to which Younger. It's the second category. It's a civil enforcement action. That's the state's position. It's not quasi-criminal. It's a licensing sanction. It's a licensing decision. At least two other circuits have said there's no way that that's quasi-criminal. Well, if that's the court's position, then we do have a bigger problem with the district court's decision that Younger abstention should apply because if it doesn't fall into any one of the first NOPC categories, then we certainly should never have even gotten to a determination of whether the ex parte Young claims would be a recognized exception. Then what do we do? Well, you absolutely reverse as to the abstention decision because you have a supremacy clause issue. No, no, no. This is an appeal from a denial of a preliminary injunction. No. This is an appeal. Okay. Yes. It went with dismissal. The only reason we don't have it, we don't have a substantive ruling on the motion for preliminary injunction because the district court decided to abstain. I'm out of time other than my rebuttal, so I'm going to reserve that for rebuttal. Go ahead. Thank you. Ms. Esbrook. Good morning. May it please the court and counsel, I'm Jordan Esbrook. I'm an assistant attorney general for the state of Iowa here on behalf of the defendants this morning. It is our position that the district court properly dismissed both of Dr. All right. Start with the NOPC category. Which one is it? Yeah. It's a civil enforcement that is akin to criminal. It is a criminal proceeding in that it is the federal plaintiff is But it's not reached a judicial stage, even if you're right. I don't think you're right about that. Oh, your honor, it has judicial qualities. This is brought before the board of medicine. What's your best case applying the NOPC category to? That would be Zoll, I think, out of the third circuit. Fall was a middle sex analysis. Yes, your honor. I think that it falls into the category. The Supreme Court says you're not there until you find a NOPC category. You don't find one, you never get to the middle sex factor. That was the whole point of NOPC as applied and enforced in Sprint. Yeah. In Sprint, the Supreme Court said not every single state proceeding is going to be appropriate for young or abstention. But these three categories are, and one of them is the akin to criminal sanctioning proceeding brought by the state government, and I think this falls into that category. You know, again, I know of two circuits who have said, wait a minute, this, well, first of all, the Supreme Court said we have never said an administrative quasi-legislative decision by an administrative body prior to judicial review is appropriate for younger abstention. And two circuits at least have applied, along with 375 Slane Chapel Road, in which we definitely applied it, to a zoning board decision that sanctioned an applicant for permission to exceed the rules. Your Honor, I think... This is nothing more than a licensing sanction. This is a licensing sanction, Your Honor. This is a quasi-criminal proceeding in which... Yes, Your Honor. Yeah, okay, now you keep begging the question. I'm sorry. Give me the authority, Iowa or federal, that says it is quasi-criminal in the way NOPC and Sprint use that term. Your Honor, I think under the Sprint Communications case and the Zoll case, which is another circuit that addressed it directly to a medical licensure situation, which is exactly what we have here, and that's the analysis that the district court followed. This is a case in which there is a strong state interest. The district court never cited NOPC. The district court went right to Middlesex. Yes, Your Honor.  Yes, Your Honor. And it all led the district court into error. With Minnesota Living Assistance on the books for two or three or four years, the district court was dealt a bad hand. Well, Your Honor, our position was that this was the kind of proceeding in which the federal courts should grant, should abstain because of the interest in comedy. Because of the wonderful state interest that's involved here. Yes, Your Honor. We denied the classic Middlesex argument, which the Supreme Court said if that argument was good, everything would be abstained. There would be an abstention for everything that a clever lawyer could say isn't dealing with an important, the state tribunal is dealing with an important state issue. Your Honor, I think the state's interest in medical licensure and regulation is a very traditional exercise of state police power. The state could decide. All right. Now, wait a minute. Here we go from, I'm going to go back to Slane and I say probate proceedings aren't significant enough, family law is not significant enough, eminent domain is not significant enough. All these police, very important police power activities. But the basic premise of the Supreme Court is our unflagging obligation recognizes that there's nothing inherently wrong with simultaneous proceedings in state and federal tribunals. It just requires some heavy lifting to sort out how to do it. And lawyers, to the delight of district judges, said you don't have to do the heavy lifting, just abstain. And that's what happened here. Well, Your Honor, I certainly had no intention of leading the district court astray. Of course. Of course. I believe that there was a, this was a classic case for young adult abstention. This is the second case this week in which the district court was told all you have to worry about is middle sex. Can I turn? So this is not uncommon. Yes. But what, no, but then what do we do? Well, Your Honor, the district court in this case also dismissed the due process claim on the grounds that it did not have subject matter jurisdiction over that claim. I thought it didn't reach that issue. It did, Your Honor, because the court found that because Dr. Wassef has not exhausted his state remedies, he's saying I haven't received due process, but the process is still yet to be complete. And in that case, because the case is not ripe, that goes to the district court subject matter jurisdiction. So I think you can affirm on that claim even if you don't agree with abstention. First off all, the court had made a, it's a reviewable decision whether to dismiss or stay if abstention is appropriate. The court dismissed without much discussion of whether to stay. And now we find that abstention was improperly invoked. Maybe on a revisit it will turn out to be appropriate, but the revisit means let's figure out whether to stay or dismiss. Your Honor, I believe the court did dismiss the entire action on several different bases. And the first one the court addressed was abstention, but really the court couldn't abstain on the due process claim because it determined it did not have jurisdiction. So it couldn't abstain from exercising it. It just, it addressed the younger abstention first. Wait, wait, wait. If it's not exhausted, that doesn't demand a dismissal. I believe it does, Your Honor. Under the- What Supreme Court case says that? I'm looking at the Eighth Circuit cases of Lynch, Crooks v. Lynch and Waxon Works. But couldn't the court stay the federal proceeding until the process below is complete? No, Your Honor. I believe the court dismissed it. Well, I'm saying it doesn't have to, though. Yeah, wait. Yeah. Or does it have to? I believe it does have to if it abstains or it decides it doesn't have jurisdiction. No. If it- Wait a minute. You're talking jurisdiction in a timing sense. Well I believe the court- There would be jurisdiction for a federal court to review it under the due process clause. Right, Your Honor. This would be a dismissal without prejudice on the due process claim. That's correct. We would not be able to say, you already brought this claim. Well, if abstention was inappropriate, why would we want to affirm that? Those are separate issues, Your Honor. The court- You just said, wait a minute. You have to allow us, you have to affirm the dismissal because of subject matter jurisdiction. And now you concede that's a dismissal without prejudice. I think it's a dismissal without prejudice, but I think it should be affirmed. But we don't have to do that. I don't think you have to do that. I'm just arguing that you should do that because they were correct, the district court was correct that there was no subject matter jurisdiction. Just as a matter of timing, though. Well, I think the court always has an obligation to first decide and satisfy itself that it has both personal and subject matter jurisdiction before it addresses any other issue. You're talking, what's the context of these cases you cited, like Lynch and Waxson worked? Sure. So Crooks versus Lynch was a deputy that was fired from, I think, a county sheriff's office in Iowa. And he still had steps in the appeals that he was entitled to as a law enforcement officer under Iowa law. He had not completed those. And so the court dismissed for lack of subject matter jurisdiction because the process wasn't over. It's hard to argue you haven't received due process if you're saying, I don't want the process that I'm actually being offered at this time. I'd rather go to federal court. And in Waxson works, it was an eminent domain proceeding. So the post-deprivation wasn't completed. That's correct, Your Honor. But there are cases that say if you've got a pre-deprivation right, that trumps the exhaustion. I think that's correct. But because Dr. Wassef has not actually been deprived of anything at this time, he still has a license to practice medicine. He's only been charged. No, pre-deprivation, that process. Not substance, process. He did receive process before the charges were filed. He was asked to respond to the complaint. But don't argue the merits. We're just... I'm sorry, Your Honor. We're just talking about what... I don't understand why we would simply affirm when everything's been done wrong. Well, I don't think I agree with that assertion, Your Honor, that everything's been done wrong. This is a completely ordinary licensure matter before the Board of Medicine. Do the judges have any further questions? I'm out of time. Well, what's the status of the preliminary injunction if we're going to reverse the dismissal, in your view? If it was... If you were to remand the case to the district court, the court would then address the matter of the preliminary injunction. I believe the court said, I've dismissed the case. I'm not going to go through the analysis because I think the court determined there was not a likelihood of success. Thank you, Ms. Esworth. Thank you. Thank you. In my remaining time, I want to directly address the due process issue because if the court reverses as to the Younger abstention, it does need to address the district court's ruling dismissing, and it's unclear how the dismissal was styled in the court's order on the procedural due process issue. Specifically, the district court's ruling that there was no viable procedural due process claim as to Dr. Wasif's liberty interests in his professional reputation is contrary to this court's decisions in Krupa and Neal. Critically, Dr. Wasif did plead in his amended complaint both deprivation of liberty interests, which is specifically his professional reputation, and the required stigma plus. In the original statement of charges, you have public accusations of violation of patient privacy standards. In the context of a licensed physician, that is plenty stigmatizing, and it is as alleged in the amended complaint. It has created loss of professional opportunities, obviously loss of substantial revenue associated with that. As if that wasn't enough, by filing an amended statement of charges, the state officials directly utilized language that this court has consistently characterized as quote stigmatizing. He engaged in illegal, unethical, dishonest, immoral conduct, again, all based on the alleged HIPAA violations. At the district court level, one of the things that came up is, well, what's the quote plus? We certainly have plenty of stigma. Unlike the plaintiff in Krupa, we're not talking about a state-sponsored 4-H situation where the plaintiff wants to be involved in a 4-H program and is being excluded, and that, this court found, was sufficient to get past the stigma plus requirement. Dr. Wasif is mandatorily required to participate in these contested case proceedings. He has to participate. Iowa has a state statute. You mean he doesn't have the option of surrendering his license? If he wants to keep his license, he has to participate. That's not a have to. Realistically, it's coercive, but it's not legally coercive. I think that's a fair characterization, but it's plenty coercive if he wants to practice. He's a young physician who's got a very promising career, no license. The key point, I want to make sure I address this, is the state statute says that the investigation information, the substantive accusations are confidential until the board reaches a decision. It has not, yet they have published these accusations with stigmatizing accusations. They have sent press releases. They are acting in a manner contrary to an Iowa statute that the Iowa Supreme Court has said can be very damaging to a physician as a professional. That is the plus, is he's in a professional disciplinary matter where it has to be confidential. It's constrained our pleadings in this case to some degree, yet the board is sending press releases with accusations of misconduct that are highly stigmatizing. He has no choice but to participate in that program. So again, we would request that this court reverse the district court both as to the decision as to younger abstention, have it set back for consideration of the ex parte young claims for declaratory judgment and injunctive relief, and also reverse the district court with regard to its decision dismissing the procedural due process claim because the court did not correctly apply this court's precedent in CRUPA. Thank you. Thank you, Mr. Cassino. Thank you also, Ms. Esbrook. The court appreciates counsel's argument to the court this morning. We will continue to review the case and render a decision in due course. Thank you.